THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:21CR22 |
| | § | |
| BRIAN CHRISTOPHER WELCH (1) | § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On May 10, 2021, Defendant's counsel filed its Amended Unopposed Motion for Psychological Evaluation [Dkt. 30] seeking a psychiatric examination pursuant to 18 U.S.C. §§ 4241 at an appropriate Bureau of Prisons facility, and that a psychiatric report of findings be filed with the Court consistent with 18 U.S.C. §§ 4247(b). The Court granted that motion on May 12, 2021 [Dkt. 32]. Defendant was subsequently evaluated by Dr. Lesli Johnson. The Court has received the report from the Bureau of Prisons, and copies have been furnished to the Assistant United States Attorney and defense counsel.

A competency hearing was conducted on July 30, 2021, before U.S. Magistrate Judge Christine A. Nowak, during which the report was admitted. At the hearing, Defendant appeared in court with his counsel, Micah Belden. Defendant was given the opportunity to present evidence and call witnesses. Defendant did not offer any witnesses or evidence. Moreover, Defendant did not present any objections to the report, including Dr. Johnson's opinion on competency. The Government also did not object to the report findings.

Dr. Johnson's report concludes that "Based on the information available, there was no objective information or evidence to indicate that Mr. Welch suffers from signs or symptoms of a major mental disorder, such as an affective disorder (e.g. Bipolar Disorder), psychotic disorder (e.g., Schizophrenia), or an organic disorder, that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense.  Mr. Welch appears to have the necessary skills to appraise his behavior and converse in a logical manner, both of which are necessary to properly assist counsel in a defense.  He was able to attend and concentrate for long periods of time, and he demonstrated the capacity to logically and coherently converse about basic aspects of his case.  During the competency portion of the evaluation, he provided appropriate responses to all of the questions posed to him, and did not appear to experience any difficulties in communicating his thoughts." The undersigned considered the report and concludes that Defendant is not mentally incompetent and is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceedings against him and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. §4241(d); see also Dusky v. United States, 362 U.S. 402 (1960).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant be found competent to stand trial because he understands the nature and consequences of the proceedings against him and is able to assist in his defense.  See 18 U.S.C. § 4241.   It is further recommended that the speedy trial time be excluded from May 10, 2021 (the date the Defendant  filed his Motion to Determine Defendant's Mental Competency to Stand Trial), until the date on which the District Judge signs the

order adopting this report and recommendation.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 18th day of August, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE